IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOUSTAFA A. MOHAMED, | : | No. 4:08-CV-1206 |
| Plaintiff | : | |
| | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| CRAIG A. LOWE, | : | |
| Defendants | : | |

## MEMORANDUM

December 16, 2008

This matter is before the Court on the Report and Recommendation ("R&R") (Doc. 21) of Magistrate Judge Smyser which recommends that defendant Craig Lowe's Motion for Judgment on the Pleadings (Doc. 13) be denied. No objections to the R&R have been filed, and the Court will adopt the R&R in its entirety and deny the motion. Also before the Court is defendant's Motion to Dismiss (Doc. 22) for plaintiff Moustafa Mohamed's failure to advise the Court of his present address. For the reasons set forth below, this motion will be granted, and this action will be dismissed pursuant to Fed. R. Civ. P. 41(b).

### I. MOTION FOR JUDGMENT ON THE PLEADINGS

The R&R recommends that Lowe's Motion for Judgment on the Pleadings be denied. No objections to this recommendation have been filed, and the time in

1

which to do so has elapsed. Where no objections are made to a magistrate judges's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Under Fed. R. Civ. P. 72(b), "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes. In this case, the Court's examination of the record confirms the Magistrate Judge's recommendations, and although no reason has been presented to revisit them, the Court will briefly review the salient aspects of the dispositive legal issues raised by the report.

Mohamed's complaint in this action under 42 U.S.C. §1983 challenges his conditions of confinement and lack of access to legal materials at the Pike County Correctional Facility ("PCCF") where Mohamed was an immigration detainee. The sole defendant is Craig Lowe, the warden of PCCF. Warden Lowe's motion seeks judgment on the pleadings for Mohamed's failure to exhaust administrative remedies.

The Prison Litigation Reform Action provides that "[n]o action shall be brought with respect to prison conditions under section 1983 ... by a *prisoner* ... until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a) (emphasis added). The question presented here is whether Mohamed, as an immigration detainee, is a "prisoner" for purposes of this exhaustion requirement. Although it has not done so in a precedential holding, the Third Circuit has stated that an immigration detainee is not a "prisoner" within the meaning of the PLRA. *Tavares v. Attorney General USA*, 211 Fed. Appx. 127, 128 n.2 (3d Cir. 2007). Other federal courts of appeals have reached the same conclusion. *See, e.g., Abiodun v. Mukasey*, 264 Fed. Appx. 726, 730 n.2 (10th Cir. 2008); *Agyeman v. INS*, 296 F.3d 871, 885-86 (9th Cir. 2002); *Preval v. Reno*, 203 F.3d 821 (Table), 2000 WL 20591, at *1 (4th Cir. 2000); *LaFontant v. INS*, 135 F.3d 158, 165 (D.C. Cir. 1998); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). Based on these decision, the Magistrate Judge correctly denied Warden Lowe's motion for judgment on the pleadings, as the PLRA's exhaustion requirement does not apply to Mohamed.

## II.  MOTION TO DISMISS

Warden Lowe's Motion to Dismiss seeks dismissal of this action for Mohamed's failure to prosecute. Fed. R. Civ. P. 41(b) provides that an action may

be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Further, district courts have inherent power to dismiss an action for failure to prosecute and may do so without affording notice or providing an adversary hearing. *Reshard v. Lankenau Hosp.*, 256 Fed. Appx. 506, 507 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988) (same).

In determining whether to exercise its discretion to dismiss as a sanction for failure to prosecute and failure to comply with court orders, a district court must balance the six factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984): (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003); *see also Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-78 (3d Cir. 1994) (applying *Poulis* factors to dismissal under Rule 41(b)). The court must consider all six factors. *Ware*, 322 F.3d at 221-22; *United States v. $8,221,877.16 in United States Currency*, 330 F.3d

141, 162 (3d Cir. 2003). Dismissal is an extreme sanction, and any doubts should be resolved in favor of an adjudication of the case on its merits. *Id.* However, each factor need not be satisfied to justify dismissal. *Id.* In this case, the balance of the *Poulis* factors weighs in favor of dismissal.

Warden Lowe argues that this action should be dismissed for Mohamed's failure to keep the Court informed of his current address as required by the Court's Standing Practice Order in Pro Se Plaintiff Cases (Doc. 4). As noted above, Mohamed was an immigration detainee. Immigration and Customs Enforcement deported Mohamed to Egypt on September 26, 2008, and Mohamed left no forwarding address with Warden Lowe or anyone else at PCCF. The Court notes that Mohamed has also not updated his address with the Clerk of the Court. Moreover, Mohamed has not responded to Warden Lowe's motion to dismiss, and the time in which to do so pursuant to Local Rule 7.6 has long passed.

With regard to the first *Poulis* factor, the responsibility to keep the Court informed of his current address was solely Mohamed's. Although his pending deportation might have made complying with duty more difficult, Mohamed was advised of this obligation well in advance of his deportation and could have made arrangements to continue to prosecute this case if he so desired. Mohamed's *pro se* status does little to mitigate his personal responsibility, as he has demonstrated in

5

this and other cases before the Court that he is more than capable of understanding and complying with Court orders.

The second *Poulis* factor weighs heavily in favor of dismissal. Simply put, there is no way for Warden Lowe to defend against the claims in this action in the absence of Mohamed.

As to the third *Poulis* factor, Mohamed has shown no history of dilatoriness in this action. However, almost three months have passed since Mohamed's deportation. The stark contrast between his current delay in updating the Court and the defendant and his previously timely filings suggests an intent to abandon this action.

As to the fourth *Poulis* factor, there is no evidence that Mohamed has acted in bad faith, although, as noted above, he was well aware of his obligation to update his address.

As to the fifth *Poulis* factor, no alternate sanctions are appropriate. Like the defendant, the Court is left with no means of communicating with Mohammed to impose any lesser sanction than dismissal.

Finally, in regard to the sixth factor of *Poulis*, it is difficult to gauge the merit of Mohamed's claim at this early stage of the litigation, although the paucity

of Mohamed's factual allegations and the disjointed nature of his complaint do not bode well for his chances of success.

In sum, the *Poulis* factors weigh heavily in favor of dismissal of this action which simply cannot proceed without Mohamed, and the Court is left with no choice but to dismiss this case. Warden Lowe's motion to dismiss will be granted.

## IV. CONCLUSION

For the foregoing reasons, the R&R will be adopted and Warden Lowe's Motion for Judgment on the Pleadings will be denied. However, Warden Lowe's Motion to Dismiss will be granted, and this action will be dismissed pursuant to Fed. R. Civ. P. 41(b). An appropriate order will issue.